**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**DEREK YOUNG,**

        Plaintiff,

v.                                          Civil Action No. **3:25CV70 (RCY)**

**JASON WILSON,** *et al.*,

        Defendants.

**MEMORANDUM OPINION**

Derek Young, an individual civilly committed in the Virginia Center for Behavioral Rehabilitation ("VCBR") who is proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.[1]  The matter is before the Court on a Motion to Dismiss filed by Defendants Jason Wilson and Nathan Moore ("Defendants"), as well as the Court's screening obligations under 28 U.S.C. § 1915(e)(2)(B).  The Court provided Young with notice of the Motion to Dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (ECF No. 18), but Young did not respond.  For the reasons set forth below, the Motion to Dismiss will be GRANTED and this action will be DISMISSED.[2]

## I.   STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the capitalization, punctuation, and spelling in quotations from Young's submissions.  The Court employs the pagination assigned by the CM/ECF docketing system.

relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely

2

"conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).

Here, Young has submitted a collection of documents alongside his Complaint. *See* ECF No. 1-1, at 1–13.[3] These documents offer additional information regarding the specific

---

[3] Young also later submitted two documents, ECF No. 8-1, at 1–2, that the Court indicated it would consider "as exhibits to the Complaint," *see* ECF No. 9. Having reviewed them—a "Request for Copies" and a "Resident Fund Account Withdrawal," *see* ECF No. 8-1, at 1–2—the Court finds that these documents

circumstances of Young's claims, and their authenticity is not disputed.  *See Witthohn*, 164

F. App'x at 396–97.  Accordingly, the Court may rely on those documents without converting the

Motion to Dismiss to one for summary judgment.  *Id.*

## II.    ALLEGATIONS AND CLAIMS

The Complaint is brief, so the Court recites its factual allegations in full below:

> Jason Wilson (Facility Director) and Nathan Moore (Chief of Security) are practicing malfeasance in their duty [by] violating the Plaintiff's human rights [by] not allowing this said Resident(s) at Virginia Center for Behavioral Rehabilitation (VCBR) to bring Bibles to visitation during approved weekly religious visitation by Hospice.  This, in essence, is part of my First Amendment U.S. Constitutional Rights:  Freedom of Religion to practice and both defendants are permitted [sic] the Plaintiff of not exercising his rights to a Bible Study with his Hospice without accompanied [sic] his Bible with him.
> The Plaintiff . . . based this information solely on a Virginia Center for Behavioral Rehabilitation Strategic Plan of 2023–2028 governor [sic] by Department [of] Behavioral Health and Developmental Services (DBHDS).  On page[] 7 of 14 [the plan] explains goals / objectives Virginia Center for Behavioral Rehabilitation (VCBR) wants to meet for committed Resident(s) to support treatment.  In the drop-down box at the bottom of the page specified[,] their "Progress Report" consists of what they are actually doing:  ". . . Residents are allowed to bring Bibles 'to visitation' during visitation.  Residents received weekly religious visits by Hospice."  Along with this complaint are attachments of the Grievance Procedure to try to resolve[] this action of malfeasance by Defendants.
> This is an emotional distress of a damage [sic] to Plaintiff's support treatment and [plaintiff] cannot practice his religion without his Bible.

Compl. 4–6, ECF No. 1.

The Complaint does not contain a clear list of Young's claims for relief.  Having reviewed

the pleading, the Court construes the Complaint to raise the following claims:

Claim One:    Defendants Wilson and Moore violated Young's rights under the First Amendment[4] by prohibiting him from possessing his personal Bible during visitation sessions.  *Id.* at 4.

---

merely memorialize Young's efforts to obtain copies of VCBR policy documents but are not themselves relevant to the merits of Young's claims.

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const. amend. I.

Claim Two:    Defendants Wilson and Moore committed the state law tort of intentional infliction of emotional distress by prohibiting Young from possessing his personal Bible during visitation sessions. *Id.* at 6.[5]

### III.  ANALYSIS

**A.  Claim One - First Amendment**

In Claim One, Young asserts that Defendants violated his rights under the First Amendment by failing to permit him to bring his personal Bible to weekly bible study classes during visitation sessions at VCBR.  Compl. 4.  To state a free exercise claim under the First Amendment, a plaintiff must allege facts to support that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion.  *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)).

"Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)) (alteration in original) (cleaned up).  They do not do so merely by making one's ability to exercise their religion more inconvenient.  *See Dorman v. Aronofsky*, 36 F.4th 1306, 1314 (11th Cir. 2022) ("[A] substantial burden is more than an inconvenience and is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." (cleaned up)); *Stephens v. Byrd*, No. 7:18CV00172,

---

[5] Defendants do not address Claim Two in their Motion to Dismiss, likely because Young uses the term "emotional distress" only in passing.  *See* Compl. 6.  The Court nevertheless construes the Complaint to raise Claim Two in deference to Young's *pro se* status.  *See Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) ("[W]e consider whether a *pro se* civil rights plaintiff is entitled to relief under any legal theory that his factual allegations might plausibly convey." (citations omitted)).  By virtue of the fact that Young is proceeding *in forma pauperis*, the Court may address and dismiss Claim Two pursuant to 28 U.S.C. § 1915(e)(2)(B).

2019 WL 4345378, at *6 (W.D. Va. Sept. 12, 2019) ("Mere inconvenience and minor expense cannot constitute a substantial burden for purposes of a First Amendment claim." (citation omitted)).

Here, Defendants, "[f]or the sake of brevity, [ ] are not contesting the sincerity of Plaintiff's religious beliefs." Mem. Supp. Mot. Dismiss 4 n.1, ECF No. 17. They do argue, though, that they "did not place any substantial burden on Plaintiff's First Amendment rights." *Id.* at 4. Because the first element of Plaintiff's free exercise claim is not in dispute, the Court proceeds directly to the second element.

As to the second element, the Court concludes that the Complaint fails to plausibly allege any substantial burden on Young's ability to practice his religion. Indeed, accepting the Complaint's allegations as true, it appears that Young was deprived of his personal Bible only for the duration of his once-a-week visitation sessions and that, during those sessions, he had access to a different Bible and other religious materials. *See* ECF No. 1-1, at 5 (complaint form in which Young writes that his study session leader "brings his Bible and Bible-based publications"). In other words, Young was never denied the opportunity to read or study the Bible; he was merely required, once per week, to consult a different copy of the text. Young does not claim that the alternate version of the Bible available to him did not conform with his beliefs or that it otherwise prevented him from meaningfully participating in his Bible study sessions.

This discrete and limited deprivation of Young's personal Bible amounted to a mere inconvenience—not a substantial burden on his ability to exercise his religion—and therefore did not rise to the level of a constitutional violation. *See Dorman*, 36 F.4th at 1314; *Stephens*, 2019 WL 4345378, at *6. Courts throughout the Fourth Circuit, and indeed the nation, have reached the same conclusion in analogous cases. *See, e.g.*, *Pendleton v. Ames*, No. 2:21-cv-00249, 2023

WL 2541967, at *8 (S.D.W. Va. Mar. 16, 2023) (collecting Fourth Circuit cases and finding that "disallowance and confiscation of [plaintiff's] I-Bible amount[ed] to nothing more than an inconvenience to his religious exercise"); *Stephens*, 2019 WL 4345378, at *6 (finding no substantial burden where the plaintiff "may have preferred his personal copy of the 'Life Recovery Bible'" but failed to "identif[y] any religious difference between that Bible and other Bibles" or "any Christian practice he could not have exercised just as well with [a different Bible]"); *Jaquez v. Lawton Corr. Facility*, No. CIV-11-1066-F, 2013 WL 2645589, at *13 (W.D. Okla. June 12, 2013) (holding that inmate who did "not dispute that officials made another Bible available to him" and did not "argue that the substitute Bible failed to conform with his beliefs or prevented the exercise of his religion" failed to state a First Amendment claim (citations omitted)).

Consistent with the above, Young has failed to allege that Defendants substantially burdened his ability to exercise his religion, and Claim One will therefore be DISMISSED.[6]

## B. Claim Two - Intentional Infliction of Emotional Distress

In Claim Two, Young asserts that Defendants Wilson and Moore committed the state law tort of intentional infliction of emotional distress by prohibiting Young from possessing his personal Bible during visitation sessions. Compl. 6. To state an intentional infliction of emotional

---

[6] Defendants additionally assert that "VCBR's application of its rules and Visitation Policy is entitled to deference . . . as it is reasonably related to the legitimate penological interest of VCBR to reduce security risks to the facility such as efforts to smuggle contraband on or off of the premises." Mem. Supp. Mot. Dismiss 5–6 (citing *Turney v. Safley*, 482 U.S. 78, 89 (1987). Although the Court need not address this argument because Young has failed to make the "threshold showing" of the existence of a substantial burden, *see Firewalker Fields v. Lee*, 58 F.4th 104, 115 (4th Cir. 2023), it nevertheless does so and concludes as an additional basis for dismissal that VCBR's policy is indeed "reasonably related to legitimate penological interests," *Turner*, 482 U.S. at 89. Addressing a comparable claim, the United States Court of Appeals for the Seventh Circuit found that state officials had not violated the First Amendment by depriving an inmate of a particular version of the Bible. *See Tarpley v. Allen Cnty.*, 312 F.3d 895, 898–99 (7th Cir. 2002) (finding no violation of the First Amendment where jail prohibited inmate from possessing his own bible but had provided a "substitute Bible to use while he was there" and also "offered [the plaintiff] the essential materials for his religious studies" as these represented "alternative means [for the plaintiff] to vindicate his free exercise rights" (citing *Turner*, 482 U.S. at 89–91)).

distress claim, a plaintiff must allege facts in support of the following four elements:  "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; (4) and the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007) (citations omitted).  In evaluating a defendant's conduct, courts have found liability for such a claim "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991).  To satisfy the emotional distress element, a plaintiff must allege genuinely severe emotional harm; merely experiencing nervousness, loss of sleep, or "stress and 'its physical symptoms'" is insufficient. *Id.* at 163.  Allegations that a plaintiff has suffered an "objective physical injury caused by . . . stress, that [he or] she sought medical attention, . . . or that [he or] she lost income" may suffice. *See id.*

Here, the Complaint fails to allege facts supportive of findings that Defendants acted in an "outrageous or intolerable manner" or that Young suffered severe emotional distress.  As to the former, Defendants are only alleged to have temporarily denied Young access to his personal Bible while he was in visitation sessions.  Young, however, had access to a different Bible during those sessions, meaning Defendants did not deprive Young of his ability to exercise his religious beliefs.  These allegations do not describe conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Russo*, 400 S.E.2d at 162.  At most, Young claims that being temporarily deprived of his bible amounted to "an emotional distress of a damage to Plaintiff's support treatment." Compl. 6.  This conclusory allegation of emotional distress falls far short of the level required to support an intentional infliction of emotional distress claim under Virginia law. *See Russo*, 400 S.E.2d at 163 (finding allegations of "severe emotional distress" and

8

"extreme emotional distress" to be conclusory and insufficient to support an intentional infliction of emotional distress claim).

Accordingly, the Complaint fails to state a viable intentional infliction of emotional distress claim, and Claim Two will therefore be DISMISSED.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 16) will be GRANTED, and this action will be DISMISSED.  The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order shall accompany this Memorandum Opinion.

_____ /s/ ~~~

Roderick C. Young

Date:   July 1, 2026                      United States District Judge
Richmond, Virginia

9