**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DEREK YOUNG,**

Plaintiff,

v. Civil Action No. **3:25CV70 (RCY)**

**JASON WILSON, *et al.*,**

Defendants.

## MEMORANDUM OPINION

Derek Young, an individual civilly committed in the Virginia Center for Behavioral Rehabilitation ("VCBR") who is proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on July 1, 2026, *see* ECF Nos. 20, 21, the Court granted the Motion to Dismiss filed by Defendants Nathan Moore and Jason Wilson and dismissed the action. On July 27, 2026, Young submitted a "Motion for Relief from Judgement Rule 60(b) Federal Rules of Civil Procedure" ("Motion," ECF No. 23). Although Young characterizes the Motion as arising under Federal Rule of Civil Procedure 60(b), it actually arises under Federal Rule of Civil Procedure 59(e) because Young submitted it within twenty-eight days of the entry of judgment. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))). For the reasons that follow, Young's Motion will be denied.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (cleaned up). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (first citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991), and then citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Young's Motion does not fit neatly into any of these categories, but it comes closest to fitting within the second—"to account for new evidence." *Hutchinson*, 994 F.2d at 1081. Indeed, although Young does not argue that there has been any intervening change in law or suggest that the Court's decision amounted to legal error, he does offer novel factual allegations not contained in his operative Complaint in an apparent effort to bolster his claims. *See Rahmi v. Sovereign Bank, N.A.*, No. 3:12-CV-87, 2013 WL 1314588, at *2–3 (N.D.W. Va. Mar. 28, 2013) (construing Rule 59(e) motion that offered new factual allegations as arising under the "new evidence" category for such a motion). *Compare* Compl., ECF No. 1, *with* Mot., ECF No. 23.

A party seeking relief under Rule 59(e) on the basis of new evidence must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted).

Young's new allegations do not meet this standard. In his Motion, Young describes for the first time events he claims have been occurring since June 2024. *See* Mot. 2. Young therefore could have included these new allegations in his Complaint, which he filed in January 2025, but did not do so and is accordingly not entitled to relief under Rule 59(e). *See Quillin v. C.B. Fleet Holding Co., Inc.*, 328 F. App'x 195, 203 (4th Cir. 2009) ("Evidence that is available to a party

prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." (quoting *Boryan*, 884 F.2d at 771)).

In deference to Young's *pro se* status, the Court also construes Young's Motion as a post-judgment motion to amend the complaint. *See Glanville v. Mayor and City Council of Balt.*, No. EA-23-3395, 2025 WL 1359218, at *4 (D. Md. May 9, 2025) ("[W]hen a motion under Rule 59(e) is accompanied by a motion to amend a complaint under Rule 15(a), the standards under the rules are collapsed, allowing 'the court simply to turn to the standard applicable to the motion to amend.'" (quoting *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024))); *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (observing that Rule 15(a) and Rule 59(e) motions rise and fall together). Under Federal Rule of Civil Procedure 15(a), courts evaluate post-judgment motions to amend "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citation omitted).

Here, it would be futile to permit amendment because Young fails to state a claim for relief, even considering his new allegations. With respect to his free exercise claim under the First Amendment, Young once more highlights his inability to consult specific religious texts during his visitation sessions and claims that he has "trouble recalling [specific religious] viewpoints from memory, when it would be easier to attain those materials" from the text. Mot. 2. But as the Court explained in its July 1, 2026 Memorandum Opinion, "a substantial burden," which is one of two elements in a free exercise claim, "is more than an inconvenience and is akin to significant pressure which directly coerces the [plaintiff] to conform his or her behavior accordingly." *Dorman v. Aronofsky*, 36 F.4th 1306, 1314 (11th Cir. 2022) (cleaned up); *see also* Mem. Op., ECF No. 20. Here, Young does not allege that his religious beliefs require him to physically possess and read

specific religious materials while communing with his spiritual advisors. Rather, he concedes that it would merely "be easier" to have those religious materials at his fingertips and not have to "recall[ certain] viewpoints from memory." Mot. 2. In so alleging, Young is, by definition, describing a mere inconvenience that does not amount to a substantial burden. *Cf. Wilkinson v. GEO Group, Inc.*, 617 F. App'x 915, 918 (11th Cir. 2015) (concluding that temporary deprivation of shrine was not a "substantial burden" on prisoner's religious practice where the shrine was replaced and the prisoner did not allege he was required to perform religious ritual involving shrine at a particular time during its absence). Accordingly, allowing amendment as to Young's First Amendment free exercise claim would be futile.

Next, as to his intentional infliction of emotional distress claim, Young reiterates that his inability to consult religious texts during visitation sessions causes him "ongoing emotional anguish." Mot. 2. The Motion, like the Complaint before it, fails to describe "outrageous or intolerable" conduct and offers only the conclusory allegation that Young has suffered emotional distress. *See Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007) (setting forth elements of an intentional infliction of emotional distress claim (citations omitted)). Allowing amendment as to the intentional infliction of emotional distress claim would therefore be futile.

Finally, in alleging that outside advisors who visit for Alcoholics or Narcotics Anonymous meetings are permitted to bring written materials while his spiritual advisor is not, *see* Mot. 3, it appears that Young seeks to add a new claim based on the Fourteenth Amendment's Equal Protection Clause. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Here, in comparing visits with religious leaders to those with substance abuse counselors, Young compares apples and oranges, not similarly situated groups. *See, e.g.*, *Thomas v. Haley*, No. CA 99-0693-RV-C, 2000 WL 362043, at *6 (S.D. Ala. Mar. 17, 2000) (finding that a plaintiff was "comparing apples to oranges" in claiming that he was improperly denied access to a law library while other inmates were permitted to visit churches). In any event, Young does not allege disparate treatment between himself and other VCBR detainees. Rather, his allegations suggest that neither he nor any other detainee is permitted to bring written materials to visitation sessions. Mot. 3. Thus, amending to add an equal protection claim would be futile.

For these reasons, whether assessed as a true Rule 59(e) motion or a post-judgment motion to amend, Young is not entitled to relief, and his Motion (ECF No. 23) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 31, 2026
Richmond, Virginia